IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROGER GRAY :

    Plaintiff :

v. : Civil Action No. WDQ-05-3318

MARYLAND PAROLE COMMISSION, et al. :

    Defendants :

## MEMORANDUM

On December 12, 2005, Roger Gray, then incarcerated at the Maryland Correctional Institution at Jessup ("MCI-J"),[1] filed a civil rights action seeking money damages[2] and alleging that he has been denied a timely parole revocation hearing. The case now is before the Court for review of Defendants' Answer, construed as a motion for summary judgment, and Plaintiff's opposition motion, captioned as a "Motion to Strike." Docket Nos. 11 and 14. No hearing is needed to resolve the issues presented here. *See* Local Rule 105.6 (D. Md. 2004).

The core facts surrounding Plaintiff's claim are not disputed. On February 9, 2004, Plaintiff was sentenced in Baltimore City Circuit Court to three years for a narcotics conviction, commencing October 16, 2002. Docket No. 11, Exhibit A, Attachment 1. On October 26, 2004, Plaintiff was released on mandatory supervision due to the subtraction of 356 diminution credits from the October 16, 2005, maximum expiration date of his term of confinement. *Id.*, Attachment 2.

On January 20, 2005, Plaintiff's supervising agent notified the Maryland Parole Commission

---

[1] Since filing his Complaint and Amended Complaint, Plaintiff has been released from custody. He now resides in Baltimore.

[2] Specifically, Plaintiff requests reimbursement for bail, compensation for "pain and suffering," and lost wages.

("Commission") that his adjustment was "marginal" and that he had been arrested on January 7, 2005, for new drug offenses. *Id.*, Attachment 3 and 2-3. On March 4, 2005, the Commission ordered no action be taken with regard to parole revocation until the new charges were adjudicated. *Id.*, Attachment 4. On March 10, 2005, however, Plaintiff's supervising agent sought issuance of a retake warrant before the Commission based on a February 17, 2005, arrest on additional drug charges. *Id.*, Attachment 5 at 2-3. The retake warrant, charging Plaintiff with violating Rules 2, 4, 6, and 8 of his release,[3] was ordered by the Commission on March 15, 2005. *Id.*, Attachment 6.

Plaintiff was arrested on the retake warrant and returned to Division of Correction ("DOC") custody on April 18, 2005. *Id.*, Attachment 8. A preliminary hearing, held on May 25, 2005, resulted in a finding of probable cause that Plaintiff violated several of his conditions of parole. Plaintiff was ordered held pending a revocation hearing.[4] *Id.*

While awaiting trial on the new charges and the parole revocation charge, Plaintiff attempted to attack his detention by way of state habeas corpus review. *Id.*, Attachment 15. He was ordered to amend the petition, but failed to do so. *Id.*, Attachments 16-18. On November 8, 2005, the Circuit Court for Anne Arundel County dismissed and denied the petition for failure to comply with Maryland Rule 15-302. *Id.*, Attachment 19.

On October 11, 2005, Plaintiff was found guilty of manufacturing and distributing a

---

[3] Those violations included: his January 7, 2005, drug arrest for possession with intent to distribute and use of a false name and subsequent arrest on similar charges on February 17, 2005 (Conditions 4, 6 and 8); and his failure to provide proof that he was actively seeking and maintaining employment, combined with his failure to report as directed to the Job Readiness Program on March 1, 2005. *Id.*, Attachment 7.

[4] On May 25, 2005, Plaintiff's supervising agent submitted a supplemental report to the Commission correcting the offense and sentence information and updating the commission on Plaintiff's new trial date, set for July 26, 2005. *Id.*, Attachment 9 at 1-2. The agent deleted reference to Plaintiff's alleged failure to seek employment in violation of Rule 2. As a result of the new information, the Commission on June 22, 2005, ordered that the Statement of Charges be updated. *Id.*, Attachment 10.

controlled dangerous substantce and received a sentence of fifteen years, all but thirteen years suspended, and two years probation,[5] commencing on April 18, 2005 (the day Plaintiff was returned to custody pursuant to the retake warrant). *Id.*, Attachments 11 and 13 at 10.

Plaintiff's revocation hearing was held on January 24, 2006. Plaintiff, through counsel, did not object to the delay in holding the revocation hearing. *Id.*, Attachment 13. The Commissioner offered to close Plaintiff's case with a finding of unsatisfactory adjustment; inexplicably, however, Plaintiff insisted on proceeding with the revocation hearing, contending that he should receive some of the diminution credits attributable to his original three-year sentence. *Id.*, Attachment 13 at 2-3.

At the hearing, Pliantiff admitted that he failed to report for the job readiness program because he was "doing something." *Id.*, Attachment 13 at 7. A true test copy of Plaintiff's new conviction was entered into the record. *Id.* at 9. Division of Parole and Probation personnel recommended that Plaintiff lose all of his diminution credits because he had been found guilty of a felony. *Id.* at 10. Plaintiff requested credit under Md. Code Ann., Corr. Serv. § 7-401(d)(1)[6] from October 26, 2004 (the date he was released on mandatory supervision), to April 18, 2005 (the date he was arrested on the retake warrant, and further argued that he should be permitted to retain some of his diminution credits under Corr. Serv. § 7-504(a).[7] *Id.*

---

[5]  At his parole revocation hearing, Plaintiff indicated that the probationary term was for three, not two, years. *Id.*, Attachment 13 at 9. This factual inconsistency does not bear on the outcome of the instant case.

[6]  This provision permits the Commission to order the remainder of the sentence originally imposed to be served, unless the commissioner hearing the parole revocation, in his or her discretion, grants credit for time between release on parole and revocation of parole.

[7]  This provision permits a commissioner presiding at an individual's mandatory supervision revocation hearing to revoke any or all of the diminution credits previously earned by the individual on the individual's term of confinement.

The Commissioner determined that: Plaintiff had violated several conditions of release; his release should be revoked; and he should be awarded credit from October 26, 2004 (the date of release) to January 7, 2005 (the date of his arrest). The Commissioner also revoked 230 of his 258 diminutions credits[8] and waived payment of supervision fees. *Id.*, Attachment 14. Plaintiff never appealed the Commission's decision to revoke his release. *Id.*, Exhibit A, ¶ 6.

Petitioner now complains that the Commission did not afford him a timely revocation hearing, thus violating his due process rights. In order to be entitled to the protections of the Due Process Clause, a person must have a constitutionally protected life, liberty or property interest at stake. The Supreme Court recognized that a liberty interest exists in the context of parole revocation in *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). The parolee is entitled to a preliminary hearing "at or reasonably near the place of the alleged parole violation or arrest and as promptly as convenient after arrest while information is fresh and sources are available". *Id.* at 485. If probably cause is found to believe that a parole violation has occurred, the revocation hearing "must be tendered within a reasonable time after the parolee is taken into custody." *Id.* at 488.

At the revocation hearing, a parole is entitled to: written notice of claimed violations parole; disclosure of evidence against him; an opportunity to be heard in person and to present witnesses and documentary evidence; the right to confront and cross-examine adverse witnesses; the right to have a neutral and detached hearing body consider revocation; and written statement by fact-finders as to evidence relied on and the reasons for revoking parole. *Id.* at 489. Although minimum procedural rights were delineated in Morrisey, the Supreme Court recognized that a parole revocation hearing

---

[8] Plaintiff contends that he had 356, rather than 258, diminution credits. Docket No. 14 at 3, ¶ 5. As this computation is entirely a state court matter, the undersigned does not attempt to resolve the discrepancy noted by Plaintiff. Plaintiff must pursue available state remedies to resolve this claim.

should remain informal to permit receipt of evidence not ordinarily admissible in a criminal trial. *Id.* at 489. In addition, the revocation hearing must be "structured to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior." *Id.* at 484.

Clearly, Plaintiff received the protections outlined in *Morrissey*. The broader question remaining is whether additional due process protections were breached due to the delay in conducting the revocation hearing within the time constraints set forth in Code of Maryland Regulation ("COMAR") 12.08.01.22.F(2)(a), which states that:

> A parole revocation hearing shall be held within 60 days after apprehension of the parolee on the parole violation warrant, except that failure to hold the hearing within the 60-day period may not be in contravention of this paragraph if the parole violation warrant is not the sole document under which the parolee is detained or incarcerated. This paragraph may not serve to invalidate the action of the Parole Commission in revoking the parole of an individual if, under all the circumstances, the revocation hearing is held within a reasonable time after the parolee was apprehended and detained for violation of parole under the parole violation warrant.

Further, the Commission may for good cause shown postpone a parole revocation hearing. *See* COMAR 12.08.01.22.F(2)(b) It was entirely reasonable for the Commission to postpone Plaintiff's revocation hearing until such time as his pending criminal charges were adjudicated. Furthermore, Plaintiff was awarded the time in custody awaiting revocation toward the sentence imposed on October 11, 2005. His due process rights have not been abridged pursuant to *Morrissey* and state procedure.

To the extent that Plaintiff seeks to challenge the validity of his parole revocation decision, or at least the portion of the decision dealing with how much "street time" credit he is allowed, the Court is without jurisdiction to consider this claim. As previously noted, under Maryland law the

Commission, when considering revocation of parole, is granted the discretion to award credit for time between release on parole and revocation of parole. *See Williams v. Warden of Maryland Penitentiary*, 209 Md. 627, 120 A. 2d 184 (1956) (failure to exercise discretion to grant credit for time spent on parole did not deprive prisoner of constitutional right). In the event that there is confusion about computation of credit, Plaintiff's claim is one that involves questions of State law only and are subject to the exhaustion requirement of 28 U.S.C. § 2254(b). *See Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Hamlin v. Warren*, 664 F.2d 29 (4th Cir. 1981), *cert. denied*, 455 U.S. 911 (1982); *see Pressly v. Gregory*, 831 F.2d 514 (4th Cir. 1987); *Alexander v. Johnson*, 742 F.2d 117, 126 (4th Cir. 1984).

Plaintiff is not entitled to damages or other relief under the claims presented here. A separate Order shall be entered in accordance with this Memorandum.

6/27/6
(Date)

William D. Quarles, Jr.
United States District Judge